# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RAYMUNDO SIERRA-MENDEZ, <br><br> Defendant. | No. CR 14-4053-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING RESTITUTION** |

## I.    INTRODUCTION

This order amends my prior oral restitution ruling entered from the bench against Raymundo Sierra-Mendez (Sierra-Mendez).

## II.    ANALYSIS

At the sentencing hearing, the government dismissed Count 1 (*i.e.*, 18 U.S.C. § 641: Theft of Government Property) and Count 2 (*i.e.*, 42 U.S.C. § 408(a)(4): Social Security Fraud) of Sierra-Mendez's Indictment.[1] The parties summarily asserted with no authority or analysis that the MVRA, 18 U.S.C. § 3663A, did not apply to Sierra-Mendez's offenses but rather the MVRA's predecessor—the VWPA, 18 U.S.C. § 3663—applied. Thus, according to the parties, I needed to calculate restitution under the

---

[1] Sierra-Mendez was charged with four counts in his Indictment filed on May 22, 2014: (1) Theft of Government Property (18 U.S.C. § 641); (2) Social Security Fraud (42 U.S.C. § 408(a)(4)); (3) Social Security Number Fraud (42 U.S.C. § 408(a)(7)(A)); and Passport Fraud (18 U.S.C. § 1542).

VWPA. I did not agree, finding restitution mandatory, and neither party pursued the matter further. While it is somewhat of a moot question, practically, not legally, because the defendant is an illegal alien and will be deported following his prison sentence—I still have an obligation to attempt to apply the law correctly and admit error when I err.

Under the VWPA, when ordering restitution in criminal cases, I *must* consider the defendant's financial resources, and the granting of restitution is discretionary. *See United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004). By contrast, under the MVRA, I *cannot* consider the defendant's economic circumstances, and restitution is mandated. *See United States v. Ruff*, 420 F.3d 772, 774 (8th Cir.2005) (citing 18 U.S.C. § 3664(f)(1)(A)). Upon reconsideration, I am amending my oral prior ruling. My hands are tied in this case, because of the government's decision to dismiss Count 1 (*i.e.*, 18 U.S.C. 641: Theft of Government Property), a qualifying offense under the MVRA, 18 U.S.C. § 3663A(c)(1)(A)(ii),[2] and the government's decision not to include language in Sierra-Mendez's plea that specifically states that his qualifying offense gave rise to his plea agreement.[3] *See* 18 U.S.C. § 3663A(c)(2).

---

[2] If the government had not dismissed Count 1, the MVRA would have applied because, as provided in 18 U.S.C. § 3663A(c)(1)(A)(ii), the MVRA applies to "an offense against property under [Title 18], . . . including any offense committed by fraud or deceit." *See* 18 U.S.C. 3663A; *see also United States v. Miell*, 744 F.Supp.2d 961, 965 (N.D. Iowa 2010) (citing 18 U.S.C. § 3663A(a)(1), (c)(1)); *United States v. Ekanem*, 383 F.3d 40, 44 (2d Cir. 2004) (affirmed district court's restitution order where defendant pled guilty to embezzlement, in violation of 18 U.S.C. § 641, and intentional misapplication of the same federal funds, in violation of 18 U.S.C. § 666, and the district court ordered the defendant to pay restitution to the Government pursuant to the MVRA).

[3] If the defendant's plea "specifically state[d]" that Count 1 (*i.e.*, 18 U.S.C. § 641: Theft of Government Property) gave rise to Sierra-Mendez's plea agreement, the MVRA would have applied. *See* 18 U.S.C. § 3663A(c)(2) ("In the case of a plea agreement that does

The defendant pled guilty to Count 3 (*i.e.*, 42 U.S.C. § 408(a)(7)(A): Social Security Number Fraud) and Count 4 (*i.e.*, 18 U.S.C. § 1542: Passport Fraud). Because Sierra-Mendez violated 42 U.S.C. § 408(a)(7)(A), 42 U.S.C. § 408(b) pertains to restitution for Sierra-Mendez's offense. 42 U.S.C. § 408(b)(1) provides: "Any Federal court, when sentencing a defendant convicted of an offense under subsection (a) of this section, *may order*, in addition to or in lieu of any other penalty authorized by law, that *the defendant make restitution to the victims of such offense . . .*" 42 U.S.C. § 408(b)(1) (emphasis added). The statutory section on restitution continues: "Sections 3612, *3663*, and 3664 of Title 18 shall apply with respect to the issuance and enforcement of orders of restitution to victims of such offense under this subsection." 42 U.S.C. § 408(b)(2) (emphasis added). In addition, Sierra-Mendez violated 18 U.S.C. § 1542. However, unlike 42 U.S.C. § 408, 18 U.S.C. § 1542 does not include a restitution subsection that refers to the VWPA, nor does 18 U.S.C. § 1542 fall within the ambit of the MVRA because Passport Fraud is not a qualifying offense.[4] *See* 18 U.S.C. 3663A.

---

not result in a conviction for an offense described in paragraph (1), this section shall apply only if the plea specifically states that an offense listed under such paragraph gave rise to the plea agreement.").

[4] The MVRA applies "in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense"--
    (A) that is--
        (i) a crime of violence, as defined in section 16;
        (ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit;
        (iii) an offense described in section 1365 (relating to tampering with consumer products); or
        (iv) an offense under section 670 (relating to theft of medical products); and

While I have the discretion to order restitution for the offense of Social Security Number Fraud based on 42 U.S.C. § 408(b), I must consider the defendant's ability to pay pursuant to 18 U.S.C. § 3663. Here I find that Sierra-Mendez is indigent, and therefore, I decline to impose restitution. *See* 18 U.S.C. § 3663(a)(1)(B)(i)(II) (noting courts shall consider "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate" when determining whether to order restitution).

### III.   CONCLUSION

For the reasons discussed above, I hold that the MVRA, 18 U.S.C. § 3663A, does not apply to the crimes of Passport Fraud, 18 U.S.C. § 1542, or Social Security Number Fraud, 42 U.S.C. § 408(a)(7)(A). Consequently, restitution pursuant to Sierra-Mendez's violation of 42 U.S.C. § 408(a)(7)(A) is discretionary based on 42 U.S.C. § 408(b) and its reference to the VWPA. Thus, under the MVRA's predecessor—the VWPA—I refrain from ordering restitution based on Sierra-Mendez's inability to pay restitution. *See* 18 U.S.C. § 3663(a)(1)(B)(i)(II).

**IT IS SO ORDERED.**

**DATED** this 8th day of December, 2014.

_Mark W. Bennett_
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

(B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

18 U.S.C. § 3663A. Passport Fraud does not fall under any of the statutory provisions listed above.